| | |
|---|---|
| **DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO**<br>1100 Judicial Center Dr.<br>Brighton, CO 80601<br>(303) 659-1161 | DATE FILED: April 3, 2023 4:45 PM<br>FILING ID: C31F3912A77F5<br>CASE NUMBER: 2023CV30472 |
| **Plaintiff:** Cuong Nguyen Enterprises, LLC<br><br>v.<br><br>**Defendants:** To His Glory, Inc. and Anh Le | |
| **ROBINSON & HENRY, P.C.**<br>Alexander Lowe, #36827<br>7555 E. Hampden Ave, Suite 600<br>Denver, Colorado 80231<br>Tel. 303.688.0944<br>Fax. 303.284.2942<br>alexander.lowe@robinsonandhenry.com<br>*Attorneys for Plaintiff* | ▲COURT USE ONLY▲<br><br>Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Cuong Nguyen Enterprises, Inc., by and through its attorney, Robinson and Henry, P.C., submits Plaintiff's Complaint against Defendants To His Glory, Inc. and Anh Le, and states as follows:

**PARTIES**

1. Plaintiff Cuong Nguyen Enterprises, LLC ("Plaintiff") is a Colorado limited liability company with its principal street address at 3393 S. Niagara Way, Denver, CO 80224.

2. Defendant To His Glory, Inc. ("Glory") is a Florida corporation with its principal street address of 618 E. South St. Suite 500, Orlando, FL 32801.

3. Defendant Anh Le is an individual over the age of 18 who resides at 6879 Remington View Ct., Orlando, FL 32829, and is the President of To His Glory, Inc.

**JURISDICTION AND VENUE**

4. Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

5. The Adams County District Court possesses jurisdiction over the subject matter of this case pursuant to C.R.S. § 13-1-124(1)(a) because the contract was entered into in, and relates to business beginning operation in, Adams County, Colorado.

6.     Venue is proper in this forum pursuant to C.R.C.P. 98 as this action concerns a contract formed in, and business conducted in, Adams County, Colorado.

## GENERAL ALLEGATIONS

7.     Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

8.     Plaintiff entered into an Independent Contractor Agreement with Glory on or about November 1, 2010, to "assist in marketing its credit card, debit card, gift card, loyalty card, leasing, ACH, POS equipment, software and related goods and services."  A copy of this agreement is attached hereto as **Exhibit A** which is a backdated copy of the original agreement provided by Glory to Plaintiff around March 22, 2021.

9.     Business conducted through this Independent Contractor agreement was completed primarily under the name of On Fire Merchant Services ("OFMS"), a subsidiary of Glory.

10.    Under the terms of the Independent Contractor Agreement, Plaintiff received 55% of monthly residual amounts for merchants that it brought to OFMS, with residuals being calculated as gross revenue minus gross expenses.

11.    Under the terms of the Independent Contractor Agreement, the agreement could only be amended, modified or waived by written agreement signed by both parties.

12.    At some point, Plaintiff and Glory agreed to an addendum to the Independent Contractor Agreement which provided Plaintiff marketing rights to the portion of the intellectual property of OFMS including trademarks, service marks and trade names.  This agreement is attached hereto as **Exhibit B** which is a backdated copy of the original agreement provided by Glory to Plaintiff around March 22,2021.

13.    No further amendments have been made to the Independent Contractor Agreement in writing signed by both parties.

14.    On August 26, 2013, Plaintiff and Glory entered into a partnership agreement separate from and independent of the Independent Contractor Agreement previously entered between the parties.

15.    The new partnership agreement between Plaintiff and Glory was made at a corporate meeting of Glory and memorialized in a typed meeting minutes of Glory and initialed by Anh Le.

16.    Pursuant to the new partnership agreement, Plaintiff and Glory agreed to pool all future accounts together and split all profits and expenses of the pooled accounts equally.

17. Under the new agreement, Glory agreed to cover marketing for the partnership for the first two years then to reassess whether to move the marketing expenses over to the pooled expenses of the new partnership.

18. Under the new agreement, department structure was created redefining the role of Plaintiff and reflecting his increased involvement, as partner, in the new partnership including being in charge of PCI for all accounts, resolving partnership computer issues, maintenance department training, and other tasks.

19. The Colorado Uniform Partnership Act provides that "the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership." *§7-64-202(1), C.R.S.*

20. In Colorado, "a partnership is a contract, express or implied, between two or more competent persons to place their money, effects, labor or skill, or some or all of them, into a business, and to divide the profits and bear the losses in certain proportions." *Grau v. Mitchell*, 397 P.2d 488 (Colo.1964).

21. "A person who receives a share of the profits of a business is presumed to be a partner in the business, unless the profits were received in payment for (I) of a debt by installments or otherwise; (II) for services as an independent contractor or of wages or other compensation to an employee." *§7-64-202(3)(c), C.R.S.*

22. An agreement providing "all profits and losses in this venture are to be borne equally by the parties," expresses a consideration in the form of mutual promises and is sufficient to bring about a partnership. *Thompson v. McCormick*, 370 P.2d 442 (1962).

23. A partnership in fact was created between Plaintiff and Defendants regardless of whether all parties intended for the partnership to be formed. *Bond-Connell Sheep & Wool Co. v. Snyder*, 188 P. 740 (1920).

24. From August 26, 2013 to February 19, 2023, Plaintiff and Glory equally shared the profits and expenses of the pooled accounts with monthly residual payments being made from Glory, to Plaintiff, based upon this agreement, separate and distinct from the continued payments related to the Independent Contractor agreement.

25. From August 26, 2013 to February 19, 2023, Plaintiff and Glory also shared in the management of the partnership including collaboration on business decisions of the partnership.

26. An express agreement is not required to create a partnership as a partnership may be formed by the conduct of the parties. *Stratman v. Dietrich*, 765 P.2d 603 (Colo. App. 1988).

27. From August 26, 2013 to February 19, 2023, Plaintiff continued to bring clients into the partnership and add them to the partnership pool, rather than to his Independent Contractor clients, in order to support and grow the partnership.

28. From August 26, 2013 to February 19, 2023, Defendants continuously represented to Plaintiff and others, including clients, that Plaintiff was their partner.

29. On March 10, 2021, Defendant Anh Le again affirmed the existence of the partnership to Plaintiff through his agreement and acknowledgement of the meeting minutes which provided for the new partnership sent to him by Plaintiff.

30. On February 18, 2023, Glory and Anh Le acknowledge the existence of the partnership agreement being distinct from the Independent Contractor Agreement as both Defendant's attempt to unilaterally end the partnership against Plaintiff's wishes, telling him that "we are in a situation where we can no longer continue in the verbal agreement".

31. "An act outside the ordinary course of business of a partnership and an amendment to the partnership agreement may be undertaken only with the consent of all of the partners" *§7-64-401(10), C.R.S.*

32. Defendants Glory and Anh Le did not have the authority to amend or end the partnership agreement absent the consent of all partners, of which Plaintiff did not consent.

33. Plaintiff is entitled to a full accounting of all partnership accounts including revenue and expenses as well as payment for his fifty percent share of the profits of those accounts.

### FIRST CLAIM FOR RELIEF
**Breach of Contract**

34. Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

35. Plaintiff and Defendant entered into an oral agreement to share managerial operations of the partnership and to pool accounts and clients and then split all profits and expenses from those pooled clients equally.

36. Plaintiff and Defendant operated under this agreement from August 26, 2013 to February 19, 2023 equally sharing all partnership expenses and profits.

37. Plaintiff performed all of its duties under the terms of this agreement and continued to bring clients into the pooled accounts instead of into his separate Independent Contractor account.

38. Defendants Glory and Anh Le have failed to perform their duties under the agreement beginning February 19, 2023 when they attempted to unilaterally terminate the partnership agreement and stopped making all payments to Plaintiff in relation to his interest in the partnership.

39. The actions of Defendants Glory and Anh Le constitute a breach of its obligations under the partnership agreement, specifically under the Partnership Act.

40. Applicable law implies a covenant of good faith and fair dealing in every contract and requires that neither party to a contract act to impair the right of the other to receive the full benefits that flow from their contractual relationship.

41. The actions of Defendants Glory and Anh Le constitute a breach of the implied covenant of good faith and fair dealing, in that Defendants have deprived Plaintiff of its reasonably expected bargain.

42. As a result of the Defendants breaches of contract, Plaintiff has suffered actual and consequential damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

43. Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

44. Plaintiff and Defendant Glory entered into a written Independent Contractor Agreement on or about November 10, 2010 which governed their course of business related to accounts brought into On Fire Merchant Services under the agreement.

45. Plaintiff fulfilled his requirements under the agreement by bringing clients into the business.

46. On February 26, 2023, Defendant terminated the Independent Contractor Agreement and has withheld payments due to Plaintiff in violation of their contract.

47. As a result of the Defendants breach of the contract, Plaintiff has suffered actual and consequential damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### Civil Theft

48. Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

49. Defendants Glory and Anh Le have knowingly obtained, retained, or exercised control over the residual payments of Plaintiff without authorization or by deception.

50. Defendants Glory and Anh Le have prevented Plaintiff from accessing any account information or records under the partnership or the Independent Contractor Agreement and have refused to make payments due to Plaintiff.

51. Defendants Glory and Anh Le have shown through their actions of withholding payment that their intention is to permanently deprive Plaintiff of the use or benefit of the residual payments due to Plaintiff,

52. The residual payments due to Plaintiff have value, and the estimated value is approximately $28,000 per month.

53. Because Defendants have obtained and retained these residual payments due by theft, Plaintiff is entitled to three times the actual damages caused to it and all costs and attorney fees incurred in pursuing this claim.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

54. Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

55. Plaintiff brought several new clients into the partnership pool accounts in reliance upon the partnership agreement instead of placing those same accounts to his Independent Contractor account.

56. Due to Plaintiff's reliance under the partnership agreement, Defendants have been able to deduct from Plaintiff half of all expenses in the company and enjoyed half of all net profits after expenses were deducted.

57. Defendants have failed to perform their full requirements under their agreement by failing to continue making all required residual payments pursuant to the partnership agreement and the Independent Contractor agreement.

58. Defendants have received the benefit of their failure to uphold the partnership agreement.

59. Defendants have been unjustly enriched in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty

60. Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

61. Defendants were acting as fiduciaries in conducting partnership business in relation to the management and servicing of partnership accounts.

62. Defendants breached their fiduciary duties to Plaintiff when they locked him out of access to partnership accounts and information and attempted to unilaterally remove it from the partnership.

63. Plaintiff suffered damages and losses from being denied income related to partnership accounts.

64. Defendants' breach of their fiduciary duties were the cause of Plaintiff's damages and losses.

### SIXTH CLAIM FOR RELIEF
### Judicial Dissolution

65. Plaintiff incorporates all the foregoing allegations as though set forth fully herein.

66. Plaintiff and Defendant's ability to work together has been irretrievably broken due to Defendant's violation of the partnership agreement and attempts to unilaterally end the partnership.

67. Defendants have engaged in misconduct by breaching the contract, withholding compensation from Plaintiff, and committing civil theft.

68. It is unreasonable for the partners in this partnership to continue the operation of the partnership due to the deterioration of the relationship.

69. Plaintiff has attempted to resolve the issues between the partners to end the dispute but has received no response from Defendants.

70. The partners have been unable to come to an agreement regarding how to go forward under the partnership or whether to dissolve the partnership so judicial dissolution is the only remaining option.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff Cuong Nguyen Enterprises, LLC, against Defendants To His Glory, Inc. and Anh Le, and grant the following relief:

a. Monetary Damages in an amount to be determined at trial, including pre-judgment and post-judgment interest,

b. An award of all costs and attorney fees as provided for Civil Theft,

c. and such other relief the Court finds just and proper.

Dated and respectfully submitted on April 3, 2023.

**ROBINSON & HENRY, P.C.**

        */s/ Alex Lowe*
Alexander Lowe, #36827
7555 E. Hampden Ave, Suite 600
Denver, CO  80231
303-688-0944


<u>Plaintiff's Address</u>:
3393 South Niagara Way
Denver, CO 80224


    *Pursuant to C.R.C.P. 121, Section 1-26(7) a copy of this document with original or scanned signatures is maintained at the offices of Robinson & Henry, P.C., and will be made available for inspection by other parties or the court upon request.*